■ In the Matter of the Arbitration between MAHOPAC CENTRAL SCHOOL DISTRICT, Appellant, and MAHOPAC TEACHERS ASSOCIATION et al., Respondents.—In a proceeding pursuant to CPLR article 75 to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Putnam County, dated July 5, 1977, which denied the application and directed the parties to proceed to arbitration forthwith. Judgment affirmed, without costs or disbursements. The collective bargaining agreement between the parties contains a broad arbitration clause, which provides for arbitration of any grievance involving the claimed violation, misinterpretation or inequitable application of the agreement. Undoubtedly, the grievance presented by the respondents falls within the ambit of that provision. The possibility that the arbitrator, in making his award, might exceed his authority under the collective bargaining agreement, or that the award might be contrary to the public policy of this State, is not sufficient to compel judicial intervention into the arbitration process at this point (cf. Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 NY2d 411). Hopkins, J. P., Martuscello, Latham and Hawkins, JJ., concur.

■ In the Matter of EDGAR T., Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Kings County, dated March 20, 1978, which, upon a fact-finding adjudication that appellant is a juvenile delinquent, placed him with the Division for Youth, Title III. Order affirmed, without costs or disbursements. The appellant was found guilty of an act which, if committed by an adult, would constitute the crime of robbery in the first degree. At the dispositional hearing, the psychiatrist who examined the appellant recommended nonrestrictive residential placement and suggested a Title II facility. In our opinion, the hearing court properly exercised its discretion in making a Title III placement since it specified that the placement was to be "in a nonrestrictive surrounding". Martuscello, J. P., Titone, Rabin and Hawkins, JJ., concur.